UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALAN D.,

                Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

                Defendant.

CASE NO. C18-5212-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in his appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further proceedings.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1965.[1] He has a high school diploma and training as a truck

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

driver, and has worked as a delivery driver, paper machine operator, and telephone operator. (AR 44, 58-59, 263.)

Plaintiff applied for SSI and DIB in March 2014 and May 2014, respectively. (AR 152-65.) Those applications were denied initially and upon reconsideration, and Plaintiff timely requested a hearing. (AR 117-19, 121-27.)

On October 14, 2016, ALJ Linda Thomasson held a hearing in Portland, Oregon, taking testimony from Plaintiff and a vocational expert (VE). (AR 38-66.) On May 4, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 18-31.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on January 12, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity since August 26, 2012, the amended alleged onset date. (AR 20.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's obesity, hypertension, sleep apnea, and spine disorder. (AR 20-23.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 24.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of performing a range of sedentary work, with additional limitations: he can occasionally climb ramps and stairs, stoop, and balance. He cannot climb ladders, ropes, or scaffolds; kneel; crouch; or crawl. He can have occasional exposure to extreme cold and heat, and no exposure to vibration or hazards such as unprotected heights or moving mechanical parts. He must be able to adjust from sitting to standing at will, but he does not have to leave his workstation. (AR 24.) With that assessment, the ALJ found Plaintiff able to perform past relevant work as a telephone operator. (AR 30-31.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. Because the ALJ found Plaintiff capable of performing past relevant work, the ALJ did not proceed to step five.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in (1) assessing certain medical opinions, (2) discounting his

subjective symptom testimony, and (3) discounting a lay opinion.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

Medical opinions

Plaintiff challenges the ALJ's assessment of multiple medical opinions. In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Less weight may be assigned to the opinions of other sources. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). However, the ALJ's decision should reflect consideration of such opinions, SSR 06-3p, and the ALJ may discount the evidence by providing reasons germane to each source. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) and *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). *See also* SSR 06-03p (ALJ should explain weight given to other source opinions or otherwise ensure that discussion of the evidence allows for following the ALJ's reasoning "when such opinions may have an effect on the outcome of the case").

---

[2] Plaintiff's opening brief also challenges the ALJ's RFC assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 13 at 16-17. Accordingly, these issues will not be analyzed separately.

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 4

Zane Smith, MPT

The ALJ gave partial weight to a 2009 opinion of Mr. Smith, an examining physical therapist. (AR 298.) The ALJ found that some of Mr. Smith's opinions were consistent with the record, specifically regarding Plaintiff's need to frequently change positions, but found that other limitations described by Mr. Smith either over- or underestimated Plaintiff's abilities. (AR 29.)

Plaintiff asserts that the ALJ's reasoning is not supported by substantial evidence, and thus the ALJ erred in discounting Mr. Smith's opinion. Dkt. 13 at 3-4. Plaintiff's brief mentions other medical evidence in the subsection devoted to challenging the ALJ's assessment of Mr. Smith's opinion, but Plaintiff does not explain how that evidence relates to his argument regarding Mr. Smith's opinion. Instead, the brief simply describes certain medical findings without any analysis of why those findings are relevant. Plaintiff's bare assertion that the ALJ's assessment of Mr. Smith's opinion is not supported by substantial evidence is insufficient to establish error in the ALJ's decision. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (declining to address assertions unaccompanied by legal arguments: "We require contentions to be accompanied by reasons."). Because Plaintiff has provided no legal analysis of the ALJ's assessment of Mr. Smith's opinion, his challenge to this portion of the decision fails.

Brigitte Engelhardt, M.D.

Dr. Engelhardt conducted a consultative examination of Plaintiff in October 2014, and found that Plaintiff could stand/walk for two hours per day and sit for "[a]bout six hours." (AR 354-59.) Dr. Engelhardt noted that Plaintiff used a cane, and she said that this device is "recommended for long distances and uneven terrain." (AR 358.) She opined that Plaintiff could not climb or balance, but could occasionally stoop, kneel, crouch, and crawl. (*Id.*) She also limited Plaintiff to frequent reaching, handling, fingering, and feeling, but did not explain the reason for

these limitations. (*Id.*) Lastly, Dr. Engelhardt indicated that Plaintiff could not work at heights or around heavy machinery. (AR 358-59.)

The ALJ gave partial weight to Dr. Engelhardt's opinion, because it is "in part inconsistent with the record of medical evidence as a whole as thoroughly described previously in this decision, and she did not provide relevant evidence to support some of her opinions." (AR 29-30.) The ALJ went on to discuss specific limitations mentioned in Dr. Engelhardt's opinion, but did not explicitly identify which portions of the opinions she was crediting and which portions she was rejecting, or which parts were inconsistent with what evidence or were overstated. (AR 30.) As a result, the ALJ's reasoning is not sufficiently specific and the ALJ should provide more specificity on remand.

Wayne Hurley, M.D.

Dr. Hurley conducted a State agency review of Plaintiff's file and described Plaintiff's workplace limitations. (AR 108-12.) The ALJ found that the limitations described by Dr. Hurley were consistent with the record, but that he did not provide for a sit-stand option, which the ALJ found was warranted by the record as a whole. (AR 30.)

Plaintiff contends that Dr. Hurley "erroneously failed" to find that he would require extra breaks and could not perform a full-time job due to pain. Dkt. 13 at 6. This contention fails to identify an error in the ALJ's decision, and neither does Plaintiff's subsequent selective citation to various medical findings. Dkt. 13 at 6-7. Because Plaintiff failed to identify an error in the ALJ's assessment of Dr. Hurley's opinion, his challenge to this portion of the decision fails.

Subjective symptom testimony

The ALJ discounted Plaintiff's subjective testimony for a number of reasons, including (1) inconsistency between his allegations and the objective medical evidence, (2) his failure to

consistently seek treatment for allegedly disabling symptoms, (3) the conservative nature of the treatment he did obtain and the improvement he experienced with that treatment, and (4) inconsistencies between his daily activities and the severity of his allegations. (AR 25-28.) Plaintiff argues that these reasons are not clear and convincing, as required in the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

The Court agrees with Plaintiff that the ALJ's discussion of his daily activities is insufficiently specific: the ALJ described Plaintiff's activities, but did not explain how those activities were either inconsistent with his allegations or demonstrated transferable work skills. (AR 28.) Accordingly, the ALJ erred in relying on Plaintiff's activities as a reason to discount his subjective statements. *See Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills").

The ALJ's other reasons, however, are legally sufficient. The ALJ pointed out inconsistencies between Plaintiff's allegations and the objective medical evidence. (AR 25-26.) Specifically, the ALJ noted that although Plaintiff traced his limitations to his workplace injury, many of Plaintiff's physical examinations showed only mild changes after his workplace injury. (AR 25-27.) The ALJ also noted that there were many periods during which Plaintiff did not seek any medical treatment (February 2010-June 2012, April 2013-February 2014, and May 2014-February 2015), which undermined his allegation of disability since 2012. (AR 27.) The ALJ further found that the treatment and recommendations Plaintiff did receive were conservative, and that some of Plaintiff's symptoms resolved with that conservative treatment, such as medication and physical therapy. (AR 27-28.) The ALJ emphasized that the main treatment recommendation was weight loss, and that Plaintiff's treatment provider believed that physical therapy would not

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 7

be beneficial until Plaintiff lost weight. (AR 28 (referencing AR 682).)

The ALJ's specific references to the medical record constitute clear and convincing reasons to discount Plaintiff's subjective allegations. *See* Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017) ("We must consider whether an individual's statements about the intensity, persistence, and limiting effects of his or her symptoms are consistent with the medical signs and laboratory findings of record."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination."); *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (stating that "evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment"); *Warre v. Comm'r of Social Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").

Plaintiff disputes the ALJ's characterization of his objective findings as "mild" (Dkt. 13 at 9), but has not shown that the ALJ was unreasonable in finding that the objective evidence post-dating the injury represented a "rather mild" change when compared the evidence pre-dating the injury. (AR 25 (referencing AR 736).)

Plaintiff also argues that the ALJ erred in failing to ask him to explain his gaps in treatment, and that she should not have found the gaps to undermine his testimony without first seeking that explanation. Dkt. 13 at 10. Plaintiff cites no authority requiring the ALJ to ask for an explanation. SSR 16-3p indicates that an ALJ *may* ask a claimant to explain why he or she has not sought treatment, but does not require the ALJ to do so. 2017 WL 5180304, at *9-10. Plaintiff did not assert any reason for his lack of treatment at the hearing or to his providers, and this undermines his allegations of disabling symptoms. *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir.

2012) ("Moreover, a claimant's failure to assert a good reason for not seeking treatment, 'or a finding by the ALJ that the proffered reason is not believable, can cast doubt on the sincerity of the claimant's pain testimony.'").

Plaintiff goes on to argue that the ALJ erred in finding that his conservative treatment undermined his allegations, because there is no evidence that he could afford more intensive treatment. Dkt. 13 at 10. But the ALJ emphasized that more intensive treatment was not even recommended: Plaintiff's providers recommended conservative treatment, and this treatment was beneficial. (AR 27-28 (discussing medications and physical therapy for his back pain, medication for hypertension, and CPAP machine for his sleep apnea).) Thus, the ALJ reasoned that because Plaintiff's symptoms were treated in a conservative manner, and many of those symptoms resolved with treatment, the course of Plaintiff's treatment undermined his allegations of disabling limitations. This rationale is reasonable.

Plaintiff goes on to summarize his subjective statements at length. Dkt. 13 at 11-15. This summary does not advance Plaintiff's legal arguments, and fails to identify error in the ALJ's decision. Because the ALJ provided multiple legally sufficient reasons to discount Plaintiff's subjective statements, the error with regard to Plaintiff's activities (discussed *supra*) is harmless. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). Because this case must be remanded for a reconsideration of Dr. Engelhardt's opinion, however, the ALJ shall also reconsider her findings regarding Plaintiff's activities on remand.

<u>Lay statement</u>

In July 2014, a human resources manager for Plaintiff's most recent employer completed a form opinion regarding Plaintiff's work performance. (AR 204-05.) This document indicates that Plaintiff received no special accommodations at work and was not frequently absent, but was

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 9

only 60% as productive as other employees. (*Id.*) The form also indicates both that Plaintiff completed his work in the same amount of time as employees in similar positions, and that he could not complete his work without special assistance. (AR 204.)

The ALJ gave little weight to this form opinion because it contained no explanations and was internally inconsistent. (AR 28-29.) An ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996). Plaintiff argues that the ALJ's reasoning was not germane because the form supports his testimony that he was not productive in his job and required special accommodations. Dkt. 13 at 15. This argument does not identify an error in the ALJ's decision, however, and not wholly accurate: the form opinion is equivocal as to whether Plaintiff received accommodations, and contradicts Plaintiff's testimony that he was often absent from work. (AR 204-05.)

Furthermore, whether the form opinion is consistent with Plaintiff's testimony is not relevant to whether the ALJ erred in assessing the opinion, because the ALJ did not discount the opinion as inconsistent with Plaintiff's testimony. Instead, the ALJ discounted the opinion as unexplained and internally inconsistent, and these are legally valid reasons to discount an opinion. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within and between physicians' reports); *Molina*, 674 F.3d at 1111 (finding no error in an ALJ's rejection of a checkbox report as unexplained). Plaintiff has failed to establish error in the ALJ's assessment of the lay opinion.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings. On remand, the ALJ shall reconsider Dr. Engelhardt's opinion and either credit it or provide specific, legitimate reasons to discount it. The ALJ shall also reconsider

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 10

her reliance on Plaintiff's activities as a basis for discounting his subjective symptom testimony.

DATED this 26th day of February, 2019.

Mary Alice Theiler
United States Magistrate Judge